### LOBEL v. VAN HOOSE.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

1. EVIDENCE (§ 441*)—PAROL EVIDENCE—WRITTEN LEASE.

An oral lease, made prior to a written lease, and covering additional premises and a different period of time, and separate from the written lease, may be proved, notwithstanding the written lease is in evidence, in an action on an implied agreement to pay rent as a holding over tenant.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047; Dec. Dig. § 441.*]

2. LANDLORD AND TENANT (§ 230*)—ACTION FOR RENT—ISSUES, PROOF, AND VARIANCE.

A tenant, when sued on an implied agreement to pay rent as a holding over tenant, may not defeat a recovery by proving that he is liable for the same rent under an express oral agreement, though evidence is inadmissible over objection to support a cause of action not pleaded, for he may not complain because the proof does not conform to the pleadings.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 904–925; Dec. Dig. § 230.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Herman Lobel against Ellison Van Hoose. From an order setting aside a verdict for defendant, and granting a new trial, he appeals. Affirmed.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

George F. Handel, of New York City, for appellant.

Julius Miller, of New York City, for respondent.

PER CURIAM. [1] The verdict was set aside upon the ground of error in the admission of testimony concerning an oral lease, alleged to have been made prior to the written lease in evidence. It appears that the oral lease covered additional premises and a different period of time, and was entirely separate and distinct from the written lease. In no way did the oral lease vary or alter the terms of the written instrument, and evidence of it was clearly admissible.

[2] Upon another ground, however, we are of the opinion that the verdict should be set aside. It is difficult to see how this defendant, who is being sued upon an implied agreement to pay rent as a holding over tenant, can defend by proving that he was liable for the same rent of the same premises under an express oral agreement. While it is true that, even under our new liberal practice, pleadings cannot be ignored entirely, and evidence given under objection of a cause of action not pleaded, in the case at bar the defendant himself proved the facts which show that he is liable for the rent, and he cannot be heard to complain, or claim surprise, if the proof does not strictly conform to the pleadings.

The order, setting aside the verdict and directing a new trial, should be affirmed, without costs.